# Judge Hellerstein

James H. Hohenstein
Christopher R. Nolan
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007-3189
Tel.:  (212) 513-3200
Fax:  (212) 385-9010
E-mail:  jim.hohenstein@hklaw.com
        chris.nolan@hklaw.com

Attorneys for Plaintiff,
*Armada (Singapore) Pte Ltd.*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARMADA (SINGAPORE) PTE LTD.,

                Plaintiff,

      - against -

MADHYA PRADESH GLYCHEM INDUSTRIES
LTD. and
AAVANTI SHIPPING AND CHARTERING
LIMITED,

                Defendants.

---

09 CV _____ (___)

**VERIFIED
COMPLAINT**

---

Plaintiff, Armada (Singapore) Pte Ltd. ("Armada"), by and through its attorneys, Holland & Knight LLP, for its verified complaint against Madhya Pradesh Glychem Industries Ltd. ("Glychem") and Aavanti Shipping and Chartering Limited ("Aavanti"), alleges as follows:

1.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.     At all times material herein, plaintiff Armada was and is a business entity organized and existing under the laws of Singapore and maintains a place of business at 1 Harbour-Front Avenue, #07-0708 Keppel Bay Tower, Singapore 098632.[1]

3.     Upon information and belief, at all times material herein, defendant Glychem is and was a business entity organized and existing under the laws of a foreign nation with a place of business at 201 Mahakosh House, 7/5 South Tukoganj, Nath Mandir Road, Indore, 452001, India.

4.     Upon information and belief, at all times material herein, defendant Aavanti is and was a business entity organized and existing under the laws of a foreign nation with a place of business at 1003 Khalid Al Attar Tower, Sheikh Zayed Road, Dubai, UAE.

## ARMADA'S CLAIM AGAINST AAVANTI AND GLYCHEM

5.     This claim arises from Aavanti's breach of a contract of affreightment and Glychem's guarantee of Aavanti's full and complete performance of and responsibilities arising under that contract of affreightment.

6.     On or about May 23, 2006, Glychem as charterer and Armada as owner entered into a contract of affreightment (the "COA") for a series of voyages carrying bulk coal from one of a number of named ports in Indonesia to one or two safe berths or anchorages at a number of named ports on the west coast of India.

---

[1] It should be noted that Armada obtained an order from the High Court of the Republic of Singapore on January 6, 2009 permitting it to convene a meeting of its creditors for the purposes of considering and approving a scheme of arrangement. However, based on the advice of Armada's Singapore attorney, the authority of Armada's present management to commence and continue legal proceedings is unaffected by that order. Similarly, on January 7, 2009, Armada sought relief under Chap. 15 of the U.S. Bankruptcy Code (*In re Armada (Singapore) Pte. Ltd.*, 09-10105 (JMP)) but that proceeding does not preclude Armada from seeking the affirmative relief sought here.

7.     The COA specified that there should be four cargos in the period of July 1, 2006 to December 31, 2006, and then six cargos in the calendar year 2007 and a further six cargos in the calendar year 2008.

8.     The COA was memorialized by an agreed-upon fixture recap (the "Fixture"), which Fixture stated the terms of the COA as negotiated by the parties, and incorporated the terms of the Americanized Welsh Coal Charter Form (the "Charter Form") as amended by the parties.[2]

9.     The Fixture, as well as Rider Clause 42 of the Charter Form, establish a schedule of US dollar freight rates payable for the twelve liftings under the COA, which rates varied depending upon the loading/discharge port.

10.    Pursuant to the Fixture, Glychem had the option of nominating another party to perform its obligations under the COA so long as it guaranteed the nominee's performance for the entire duration of the COA.

11.    On or about September 1, 2006, Glychem provided written notification to Armada that Glychem had nominated Aavanti to perform its obligations as charterer under the COA, which notification contained an unconditional guarantee of Aavanti's full performance of Glychem's obligations as charterer, including any and all responsibilities and/or liabilities arising under the COA (the "Nomination and Guarantee"). A true and correct copy of the Nomination and Guarantee, signed and stamped by Mr. Ashok Triyedi and Mr. Manish Sahara (both of whom are described as "director" of Glychem) is attached hereto as Exhibit 1.

---

[2] The first line of the fixture recap addresses the issue of confidentiality and states: "This negotiations (sic) and eventual fixture if any to be kept strictly private and confidential and not to be reported by any party." Rider Clause 58 of the Charter Form contains a provision to identical effect. Therefore, this Verified Complaint does not exhibit the fixture recap and Americanized Welch Coal Charter Form (as amended by the parties). Should the Court decide to review this material in connection with issuance of the Order of Attachment, or otherwise, Plaintiff will produce the documents for *in camera* review.

12.     Despite Glychem's nomination of Aavanti as charterer, Glychem continued as if it were the charterer under the COA, as Armada invoiced Glychem for freight and demurrage pursuant to the terms of the COA.

13.     Neither Glychem nor Aavanti nominated laycans for the fifth and sixth cargos of 2008 (either within 2008 or at all), as required under the COA. These failures to nominate constitute a breach of the COA.

14.     Glychem has paid Armada $250,000 in agreed compensation for the failure to ship the fifth cargo of 2008, but no compensation has been agreed or paid with respect to the sixth obligatory cargo.

15.     The failure to nominate and/or ship the sixth cargo for 2008 constitutes a breach of the COA.

16.     Armada has calculated its lost profit as a result of the failure to nominate and/or ship the sixth cargo for 2008 to be US$345,750.

17.     As the nominated charterer under the COA, Aavanti is liable to Armada in the amount of US$345,750.

18.     As unconditional guarantor of the nominated charterer's performance under the COA, Glychem is liable to Armada in the amount of US$345,750.

19.     Together, Aavanti and Glychem are severally liable to Armada in the amount of US$345,750 resulting from the failure to nominate the sixth cargo for 2008.

20.     Rider Clause 65 of the Charter Form governs Freight Payment and provides that 90 percent of the freight is payable within five banking days after completion of loading and the

balance, including any additional amounts owed due to demurrage, is payable within 45 days of completion of discharge.

21.    The Fixture sets demurrage for the year 2008 at US$13,000 per day.

22.    The vessel GRETA completed loading a cargo under the COA at Taboneo Anchorage, Indonesia on January 16, 2008, and subsequent discharged the cargo at Dahanu, India.

23.    The balance of freight and demurrage for the GRETA voyage, amounting to US$206,968.42, owing and due, has not been paid. A true and correct copy of Armada's final freight statement for the GRETA voyage is attached hereto as Exhibit 2.

24.    The failure to pay the freight and demurrage balance on the GRETA voyage constitutes a breach of the COA.

25.    As nominated charterer under the COA, Aavanti is liable to Armada for the balance of US$206,968.42 contained in the GRETA final freight statement.

26.    As unconditional guarantor of the nominated charterer's performance under the COA, Glychem is liable to Armada for the balance of US$206,968.42 contained the GRETA final freight statement.

27.    The vessel NORDHOLT completed loading a cargo under the COA at Satui, Indonesia on September 13, 2008, and subsequently discharged the cargo at Mumbai, India.

28.    The balance of freight and demurrage, amounting to US$197,836.38, owing and due, has not been paid. A true and correct copy of Armada's final freight statement for the NORDHOLT voyage is attached hereto as Exhibit 3.

29.     The failure to pay the NORDHOLT freight and demurrage balance constitutes a breach of the COA.

30.     As nominated charterer under the COA, Aavanti is liable to Armada for the balance of US$197,836.38 contained in the NORDHOLT final freight statement.

31.     As unconditional guarantor of the nominated charterer's performance under the COA, Glychem is liable to Armada for the balance of US$197,836.38 contained in the NORDHOLT final freight statement.

32.     Proximate to Aavanti's and/or Glychem's breaches of the COA and Glychem's unconditional guarantee of Aavanti's performance and liabilities under the COA, Armada has suffered the following damages for which Aavanti and Glychem are severally liable:

| Nature of Breach | Amount of Damages |
|---|---|
| Failure to nominate Sixth Cargo of 2008 | US$345,750.00 |
| Failure to pay GRETTA Voyage Balance | US$206,968.42 |
| Failure to pay NORDHOLT Voyage Balance | US$197,836.38 |
| **TOTAL PRINCIPAL CLAIM** | **US$750,554.80** |

33.     Pursuant to Clause 5 of the Charter Form, disputes arising under the COA are subject to arbitration in London under English law. Armada intends to commence arbitration in London for its claim against Aavanti in the near future.

34.     While all disputes arising out of COA are to be arbitrated in London, and Armada intends to commence arbitration proceedings against Aavanti in London, the action herein is

submitted in accordance with Rule B of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as well as 9 U.S.C. §8, and thus this action is not and cannot be considered a waiver of the Contract of Affreightment 's arbitration clause.

35.     Glychem's guarantee of Aavanti's performance contains neither an arbitration nor a choice of law provision (see Exhibit 1). However, upon information and belief, and pursuant to the legal opinion of Armada's English counsel, disputes arising under Glychem's written guarantee of Aavanti's performance are subject to English law, and the High Court of London is the procedurally proper venue for such action. Thus, on February 27, 2009, Armada sought the permission of the London Court to commence proceedings against Glychem by issuing a Claim Form against a defendant domiciled overseas, and to serve that Claim Form overseas.

36.     Under English law and in London arbitration and court proceedings, arbitration awards and legal judgments regularly include interest and costs, including a reasonable allowance for attorneys' fees.

37.     Attorneys' fees and arbitration costs in this matter are estimated to be $200,000.

38.     It is estimated that it will take approximately two years to resolve this matter in London arbitration and litigation. Under relevant English law and arbitration procedure, a reasonable interest rate is the U.S. Prime rate, currently 3.25%, resulting in the following estimated interest and attorneys' fees in addition to Armada's principal claim:

| | | |
|---|---|---|
| Interest (3.25% on $750,554.80 for two years, simple interest): | $ | 49,579.84 |
| Attorneys' fees and arbitration costs: | $ | 200,000.00 |
| Principal Claim: | $ | 750,554.80 |
| **Total Sought:** | **$** | **1,000,133.64** |

39.    It is common practice in the maritime industry to require that payments be made in U.S. Dollars and payments are made in U.S. Dollars in conformance with these requirements. Pursuant to the Fixture and Rider Clause 42 of the Charter Form, freight payments under the COA are to be made in U.S. Dollars.

40.    International electronic fund transfers in U.S. Dollars between two non-U.S. entities pass through intermediary banks in New York.

### REQUEST FOR ATTACHMENT

41.    Madhya Pradesh Glychem Industries Ltd. and Aavanti Shipping and Chartering Limited are not found within the Southern District of New York but do transact business in U.S. Dollars as evidenced by the contract of affreightment at issue here.   Hence, Glychem and Aavanti do have, or will have during the pendency of this proceeding, assets, goods, chattels, credits, letters of credit, bills of lading, debts, effects and monies, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or other tangible or intangible property which belong to them, is claimed by them, is being held for them or on their behalf, or which are being transferred for their benefit, within the jurisdiction at the following financial institutions:  ABN Amro Bank; American Express Bank; Banco Popular; Bank of America, N.A.; Bank of China; Bank Leumi USA; The Bank of New York; Bank of Tokyo-Mitsubishi UFJ Ltd.; BNP Paribas; Calyon Investment Bank; Citibank, N.A.; Commerzbank; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; Standard Chartered Bank; Société Générale; UBS AG; Wachovia Bank, N.A.; or any other financial institution within the Southern District of New York.

WHEREFORE, plaintiff Armada (Singapore) Pte Ltd. prays:

1.     That a summons with process of attachment and garnishment may issue against the defendants Madhya Pradesh Glychem Industries Ltd. and Aavanti Shipping and Chartering Limited severally in the amount of US$1,000,133.64 (including estimated interest, attorneys' fees and costs), and if defendants Madhya Pradesh Glychem Industries Ltd. and  Aavanti Shipping and Chartering Limited cannot be found, then that their goods, chattels, credits, letters of credit, bills of lading, debts, effects and monies, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or other tangible or intangible property which belongs to them, is claimed by them, is being held for them or on their behalf, or which is being transferred for its benefit, within the district may be attached in an amount sufficient to answer Armada's claim;

2.     That defendants Madhya Pradesh Glychem Industries Ltd. and  Aavanti Shipping and Chartering Limited, and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

3.     That this court recognize and confirm any judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

4.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

5.     That judgment be entered in favor of Armada (Singapore) Pte Ltd. and against Madhya Pradesh Glychem Industries Ltd. and Aavanti Shipping and Chartering Limited severally in the amount of US$1,000,133.64  (including estimated interest, attorneys' fees and costs); and,

6.      That this Court grant Armada (Singapore) Pte Ltd. such other and further relief which it may deem just and proper.

Dated: New York, New York
 *March 2*, 2009

HOLLAND & KNIGHT LLP

By: _____

James H. Hohenstein
Christopher R. Nolan
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York  10007-3189
Tel.:    (212) 513-3200
Fax:    (212) 385-9010
E-mail:  jim.hohenstein@hklaw.com
            chris.nolan@hklaw.com

Attorneys for Plaintiff,
*Armada (Singapore) Pte Ltd.*

# 6128748_v1

## VERIFICATION

STATE OF NEW YORK         )

                                   :ss.:

COUNTY OF NEW YORK      )

James H. Hohenstein, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for Armada (Singapore) Pte Ltd. ("Armada"), plaintiff in the foregoing action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Armada's representative and corresponded with Armada's representatives regarding this matter. I am authorized by Armada to make this verification, and the reason for my making it as opposed to an officer or director of Armada is that there are none within the jurisdiction of this Honorable Court.

_____
James H. Hohenstein

Sworn to before me this
2nd day of March, 2009

_____
Notary Public

CECILIA ASHBOURNE
Notary Public, State of New York
No. 01AS6040667
Qualified in Bronx County
Commission Expires 4-24-2010

11

# EXHIBIT 1



# Madhya Pradesh Glychem Industries Ltd.

### (SOYA UNIT)
PIPARIYA ROAD, GADARWARA - 487 551 DISTT. NARSINGHPUR (M.P.)
Phone ; 07791-254773, 254953, 254264, 254499, 254813 Fax : 07791-254236
E-mail : mpgllggm@sancharnet.in ● mpgllggm@yahoo.co.in

1 September 2006

TO,
ARMADA SINGAPORE PTE. LTD.,
SINGAPORE

CONTRACT OF AFFREIGHTMENT HAS BEEN FIXED WITH M/S. MADHYA PRADESH GLYCHEM INDUSTRY LIMITED OR NOMINEE FOR 3 YEARS STARTING FROM 1ST JULY 2006 VIDE C/P DATED 10TH MAY 2006.

WE M/S. MADHYA PRADESH GLYCHEM INDUSTRY LIMITED, 201, MAHAKOSH HOUSE, 7/5, SOUTH TUKOGANJ, NATH MANDIR ROAD, INDORE - 452001 HEREBY NOMINATE M/S. AAVANTI SHIPPING AND CHARTERING LIMITED, 1003, KHALID AL ATTAR TOWER, SHEIKH ZAYED ROAD, DUBAI, UAE, TO BE THE CHARTERERS AND WE UNCONDITIONALLY GUARANTEE THE PERFORMANCE OF NOMINEE M/S. AAVANTI SHIPPING AND CHARTERING LIMITED OF ALL THEIR OBLIGATIONS / ACTIONS WITHOUT ANY PRECONDITIONS ARISING UNDER THE SUBJECT CHARTER PARTY.

WE HEREBY ALSO GUARANTEE THE FULL AND COMPLETE PERFORMANCE OF THIS CONTRACT OF AFFREIGHTMENT INCLUDING ANY / ALL RESPONSIBILITIES ARISING OUT OF THIS CONTRACT OF AFFREIGHTMENT.

WE M/S. MADHYA PRADESH GLYCHEM INDUSTRY LIMITED FURTHER UNCONDITIONALLY GUARANTEE THAT WE ARE RESPONSIBLE FOR ANY / ALL LIABILITIES OF THE CHARTERERS ARISING UNDER THE SUBJECT CONTRACT OF AFFREIGHTMENT / CHARTER PARTY.

FOR: MADHYA PRADESH GLYCHEM INDUSTRIES LIMITED

DIRECTOR                                   DIRECTOR
(ASHOK TRIVEDI )                    ( MANISH SUHARA )          )

Corp. Office : 201, Mahakosh House, 7/5 South Tukoganj, Nath Mandir Road, Indore - 452 001 (M.P.) India.
Phone : 0731-2513281-82-83,   Fax : 0731-2527648, 2513285

5

# EXHIBIT 2



**Armada (Singapore) Pte Ltd**

Armada (Singapore) Pte Ltd
1 HarbourFront Avenue
#07-07/08 Keppel Bay Tower
Singapore 098632

## GRETA

### FINAL FREIGHT STATEMENT

| | | | | |
|---|---|---|---|---|
| Charterer | : Glychem | Brokers | : SAIGAL-IND,Brokr / GLYCHEM-IND,Brokr | |
| CP Date | : 10May2006 | Reference | : 889 | |
| Voyage No. | : 5 | | | |
| Print Date | : 25Feb2009 15:43 | Printed By | : NJ | |

| Summary of Items to Date (USD) | | |
|---|---|---|
| | DR | CR |

Load: COAL at Taboneo Anchorage, 52,994MT on 16Jan2008 as per BL

Discharge: at Dahanu

Total BL Quantity : 52,994MT

Freight on Total loaded

| | | DR | CR |
|---|---|---|---|
| 17343 | Plus 10% of Freight : 52,994.000MT @ 13.25 USD/MT = Total, less previously invoiced 631,953.45 USD | 70,217.05 | |
| Proforma | Plus 90% of Freight : 52,994.000MT @ 13.25 USD/MT | 631,953.45 | |
| 17343 | Plus Demurrage on loading Coal at Taboneo Anchorage | 556,000.00 | |
| 17343 | Less Despatch on discharging Coal at Dahanu | | 14,479.17 |

| Totals Breakdown | | |
|---|---|---|
| Total Freight Due | 702,170.50 | 0.00 |
| Total Despatch/Demurrage Due | 556,000.00 | 14,479.17 |
| Total Paid | 0.00 | 1,036,722.91 |
| | | |
| Net credits / debits | 1,258,170.50 | 1,051,202.08 |
| **Balance due to Owners** | | **206,968.42** |
| | 1,258,170.50 | 1,258,170.50 |

E. & O. E

28

# EXHIBIT 3

1

 **Armada (Singapore) Pte Ltd**

Armada (Singapore) Pte Ltd
1 HarbourFront Avenue
#07-07/08 Keppel Bay Tower
Singapore 098632

Glychem

Bombay
India

| | |
|---|---|
| Invoice Date | 10Nov2008 |
| Invoice No | Proforma |
| Our Reference | 4070 |
| | |
| Payment No. | 2 |

## FREIGHT INVOICE

| | | | |
|---|---|---|---|
| *C/P Date:* | *10May2006* | *Voyage no.:* | **1** |
| *Vessel:* | *NORDHOLT* | | |
| *Charterer:* | *Glychem* | | |
| *Fixture Ref.:* | *Co.310, COA 42 - Lifts 10-16* | *COA Ref:* | CC20070017 |

### Note all values are in USD

Load: Cargo at Satui, 54,895MT on 13Sep2008 as per BL
Discharge: at Magdalla

| | |
|---|---|
| Balance of Freight : 54,895.000MT @ 15.65 USD/MT = Total, less previously invoiced 773,196.08 USD | 85,910.68 |
| Demurrage on loading Coal at Satui | 117,604.17 |
| Despatch Coal: Discharging Mumbai,Magdalla | -5,678.47 |
| **TOTAL** | **197,836.38** |
| | E. & O. E. |

REMITTANCE DATE : 2Nov2008

*Please remit according to the details below quoting Vessel Name, Our Reference and Invoice no.*

Nordea Bank Denmark

Strandgade 3
Copenhagen
Denmark

Swift code NDEA DKKKXXX
Beneficiary Armada (Singapore) Pte Ltd
Account/IBAN No. DK70 2000 5036 120888
Correspondent Bank Name JP Morgan Chase
Correspondent Swift / Fed wire CHAS US33XXX